PONS v. BLOCK.

(Circuit Court of Appeals, Fifth Circuit. May 7, 1895.)

No. 353.

ADVANCES ON SECURITY OF GROWING CROPS—CONTRACT FOR LIEN—LANDLORD'S LIEN FOR RENT.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

This was a bill by Simon Block, an alien, against Pierre B. Dragon, Athenaise Dragon, Madeline Pons, and several others, citizens of Louisiana, for an accounting. All the defendants excepting Madeline Pons compromised with complainant and were dismissed from the cause, June 18, 1892. On December 31, 1894, a decree was entered against her and in favor of complainant for the sum of $853.01, with interest and costs, and from this decree she has appealed. The facts from which the controversy arose were briefly as follows: In January, 1883, Pierre B. Dragon and Athenaise Dragon, being lessees of "Monsecour's" plantation in the parish of Plaquemines, La., contracted with Simon Block for advances for the purpose of enabling them to work the plantation and produce a crop for the year 1883, and for security gave him a lien on all the products of the plantation, and agreed to consign the same to him at New Orleans for sale, allowing him commissions therefor. The clause of the contract in relation to the lien was as follows: "A special lien and mortgage, or privilege, is hereby granted and recognized for the full sum of fifteen thousand dollars on any and all crop or crops of rice, sugar, molasses, and other products that may be planted, grown, raised, and gathered, or made and manufactured during the year eighteen hundred and eighty-three on the hereinbefore mentioned and described plantation, tracts, and parcels of land, and

this instrument is hereby directed to be recorded in order to preserve and make the same public so as to operate and bear upon the crops of the year eighteen hundred and —— grown and produced on the aforesaid plantation." Prior to the making of this contract, one B. Saloy purchased the plantation from the lessor, and he became a party to the contract, expressly agreeing that his claim as lessor for rent should be "subordinate and inferior in rank to the claims and privileges of said Block as the furnisher of supplies or for advances furnished under the contract," and that said Block should be first reimbursed out of the crops of 1883 "in the full amount of his advances hereunder, without regard and in preference to demands of said Saloy for the rental of said plantation." Under this contract, Block made advances exceeding in their total amount the sum of $15,000. When the account was closed, in April, 1884, it was found that a considerable sum was still due to Block from the lessees. Prior to that time, and on November 26, 1883, the said Saloy brought a suit in a state court for rent of the plantation, amounting to $4,860, and obtained the issuance of the writ of provisional seizure, under which he caused a part of the crops to be seized. He afterwards gave a release bond and took full possession of the property.

The prayer of the bill was that complainant might be declared to have a lien and privilege upon the property thus seized and held by Saloy, it being alleged that this seizure was in violation of his contract to permit the complainant to have a first lien on the crop for his advances. Saloy, however, died before the suit was brought, leaving his estate by will to his wife as universal legatee, who, as alleged by the bill, accepted the same purely and simply, and was duly recognized, and was given possession by the proper state court. Shortly afterwards, she also died intestate, and the property descended to the persons named as defendants in the bill, who were alleged to have accepted this succession purely and simply and to have been put in possession of the property by the proper court, by reason whereof they became liable for all the debts due by the said Saloy, including complainant's demand. The cause was heard before a master, and, after numerous exceptions to his report were disposed of, a decree was rendered against Madeline Pons for her proportion of the amount found due on the accounting. The main point made against the decree was that complainant had made advances in excess of the $15,000 specified in the contract, and that the lessees had consigned to him, and he had sold, products of the plantation exceeding that sum; and it was contended that as soon as his net sales amounted to $15,000 Saloy's rights as landlord became thenceforth superior to the lien for advances, and that he then had a lawful right to enforce his lien for rent by seizing the products of the plantation.

P. L. Fourchy and O. B. Sansum, for appellant.

John D. Rouse and Wm. Grant, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PER CURIAM. An examination of the record in connection with the briefs and argument shows no error in the record prejudicial to the appellant, and the decree appealed from is affirmed.